IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD L. WILLIAMS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:18-cv-2824-N (BT) | |
| § | | |
| TIMBERLAWN HEALTH SERVICES, § | | |
| ET AL., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ronald Williams, a state prisoner, filed a *pro se* civil action under 42 U.S.C. § 1983. The Court granted him leave to proceed *in forma pauperis* but has not issued process pending judicial screening. Defendants are Timberlawn Health Services ("Timberlawn"), Nurse Chaka, and Dr. Cody. For the following reasons, the complaint should be dismissed.

I.

Plaintiff states that he was a patient at Timberlawn in April 2017. At that time, he was not a prisoner. He claims Timberlawn failed to act while its employees ignored safety violations. Plaintiff claims Nurse Chaka refused to provide him proper medical care, and excessively dispensed medication to him without proper authority. He alleges Dr. Cody released him from Timberlawn when he should have been sent to the hospital for continued medical care. By his lawsuit, Plaintiff seeks declaratory relief and money damages.

1

II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) the deprivation of a right secured by the Constitution and laws of the United States; and (2) the deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). Here, Plaintiff has not claimed that Defendants are state actors. Instead, Timberlawn appears to be a private entity. Plaintiff has therefore failed to allege facts establishing a reasonable inference that Defendants acted under color of state law. *See Iqbal*, 556 U.S. at 678.

Additionally, Plaintiff has failed to establish a violation of his constitutional rights. Plaintiff states he was not a prisoner at the time he was a patient at Timberlawn. (*See* ECF No. 9 at 7.) He therefore had no constitutional right to medical care. Such a right has only been found where there is a special custodial or other relationship between the plaintiff and the state. *See Wilson v. Dallas Cnty Hosp. Dist.*, 715 F. App'x 319, 323 (5th Cir. 2017) (citing *Kinzie v. Dallas Cnty. Hosp. Dist.*, 106 F. App'x 192, 194

(5th Cir. 2003) ("[Plaintiff] was not in the custody of the state, and thus, had no 'special relationship' with the state sufficient to establish a constitutional right to medical care."). Plaintiff's claims should therefore be dismissed.

IV.

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed January 9, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).